*C. B. Farnsworth,* for the libellant.

---

INHABITANTS OF LEXINGTON *vs.* NATHANIEL MULLIKEN.

A mandamus will not be granted on the petition of the selectmen of a town (especially if not expressly authorized by vote of the town) to compel the town treasurer to pay the amount of an order drawn by them upon him in payment of a debt of the town.

PETITION of the town of Lexington, by its selectmen, for a mandamus to the town treasurer to compel him to pay the amount of an order drawn by said selectmen upon him in favor of Charles A. Butters, for work done by him in altering a highway under an agreement made by him with the selectmen, under a vote of the town, and pursuant to an order of the county commissioners; which draft the treasurer had refused to pay, upon the ground that it exceeded the expense of such alteration as submitted to the town, at a legal meeting, by the selectmen, in an estimate of the necessary annual appropriation for current expenses, and accepted by the town; although, as the petition alleged, there was a sufficient sum in the treasurer's hands, belonging to the contingent funds of the town, to meet this order. The petition further alleged "that said selectmen are the officers

of said town, duly authorized to issue orders to pay over and account for the money belonging to said town, and that the same has uniformly heretofore been paid over in such sums, to such persons, and at such times, as the selectmen for the time being have ordered, by their orders in writing to said treasurer addressed."

*J. Q. A. Griffin*, for the petitioners.

BY THE COURT. We can see no ground on which this petition can be sustained.

In the first place, upon the facts stated in the petition, we are unable to find any authority in the selectmen to make this application to the court. In the absence of any express vote or direction by the inhabitants, it does not come within the scope of the general powers and duties by law conferred on selectmen, to ask, in the name of the town or its inhabitants, for the interference of this court by a summary and extraordinary process to compel a town officer to perform a particular act.

But we are entirely satisfied that the facts set forth in the petition, if true, do not make out a case which will justify the issuing of a writ of mandamus. If the debt for building the road is justly due from the town, the creditor has a plain, adequate and complete remedy at law, by the ordinary process, to enforce and collect his claim. The case does not require, and will not justify, any unusual or extraordinary remedy. We do not mean to say that a case could not arise, which would authorize the court by a mandamus to compel a town officer to perform some specific legal duty incumbent on him. But no such case is presented in the petition now before us.

*Petition dismissed.*